UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AZIZ U. REHMAN, | ) | |
|---|---|---|
| Plaintiff and Counter-Defendant, | ) ) ) ) | |
| v. | ) | No. 3:10 CV 220 |
| LIAQAT A. ANJUM and SAMINA IFTIKHAR, | ) ) ) ) | |
| Defendants and Counter-Claimants. | ) ) | |

## OPINION and ORDER

I.  **BACKGROUND**

This case arises out of a dispute between plaintiff Aziz U. Rehman and his sister and brother-in-law, Samina Iftikhar and Liaqat A. Anjum. Plaintiff contends that defendants entered into an oral agreement with him to file a lawsuit against a third party, Chaudhry, and then split the proceeds of that litigation with him. (DE # 1 at 2.) Plaintiff further contends that Anjum signed a document (the "Litigation Agreement," DE # 37-2 at 3), which memorialized the parties' alleged oral agreement to form the partnership. (DE # 1 at 2.) Plaintiff claims that he also lent Anjum and/or the partnership $30,000 and $81,000, but has not been repaid those amounts of money. (DE # 1 at 12.)

Defendants contend that they did not enter into any agreement to form a partnership with plaintiff, to file suit against Chaudhry, or to split any profits of the litigation with plaintiff. (DE # 37-2 at 1, Anjum's Aff. ¶¶ 3, 4, 7; DE # 37-3 at 1, Iftikhar's

Aff. ¶¶ 3, 4, 7.) Defendants further contend that Anjum never signed the Litigation Agreement (DE # 37-2 at 1, Anjum's Aff. ¶ 8; DE # 37-3 at 1), and argues that the signature that appears on the Agreement was forged.

Plaintiff filed a fourteen-count complaint against defendants, seeking dissolution of the partnership and the appointment of a receiver (Count I), seeking an accounting of the partnership (Count II), alleging breach of the partnership agreement (Count III), alleging breach of fiduciary duty (Count IV), alleging breach of contract (Count V), alleging promissory estoppel (Count VI), alleging quantum meruit (Count VII), claiming money lent (Count VIII), claiming money paid (Count IX), fraud (Count X), alleging constructive fraud (Count XI), requesting the imposition of a constructive trust (Count XII), alleging deception under the Indiana Crime Victim's Relief Act (Count XIII), and alleging civil conspiracy (Count XIV). (DE # 1.) Defendants filed a counter-claim, seeking a declaratory judgment (Count I), alleging breach of fiduciary duty (Count II), alleging fraud (Count III), and alleging forgery (Count IV). (DE # 6.)

Defendants have moved for partial summary judgment on all of plaintiff's claims except those entitled "money lent" (Count VIII) and "money paid" (Count IX).[1] (DE # 37.) Though plaintiff was initially represented by counsel, he was proceeding *pro se* by the time defendants moved for partial summary judgment. Accordingly, defendants sent plaintiff the notice of motion for summary judgment that this district requires be

---

[1] Defendants also purport to seek summary judgment on Count I of their own counter-claim, but they do not develop this argument in any meaningful way in their brief.

mailed to *pro se* litigants. (DE # 38.) Plaintiff did not respond to the motion for partial summary judgment. The motion is now ripe for ruling.

## II. LEGAL STANDARD

Defendants have moved for partial summary judgment. FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present

3

fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998); *Doe,* 42 F.3d at 443.

Because plaintiff failed to file a response to defendants' motion for partial summary judgment, defendants are entitled to summary ruling on the motion – that is, a ruling without the benefit of plaintiff's response. However, plaintiff's failure to respond does not automatically result in summary judgment for defendants. *Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992). Rather, the court must still "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.* Accordingly, the court's task is to examine the factual record in this case to determine whether defendants have met their burden of demonstrating a lack of genuine issues of material fact warranting summary judgment in its favor.

III. DISCUSSION

A. Counts I - V & XII

In Counts I - V and XII of his complaint, plaintiff seeks dissolution of the partnership and the appointment of a receiver (Count I), seeks an accounting of the partnership (Count II), alleges breach of the partnership agreement (Count III), alleges breach of fiduciary duty based on the parties' statuses as partners in a partnership (Count IV), alleges breach of contract based on the partnership agreement (Count V),

4

and seeks the imposition of a constructive trust on all property of the partnership (Count XII). All of these counts presuppose the existence of a partnership.

Defendants have successfully pointed out plaintiff's lack of evidence on the existence of a partnership for purposes of their summary judgment motion. The only evidence in the record relevant to the existence of a partnership is a copy of the partnership agreement and Anjum's affidavit that his signature on the document is forged. Plaintiff has provided no evidence to create a genuine issue of material fact as to the legitimacy of the signature, so there is no genuine issue of material fact as to the existence of the partnership, and summary judgment is appropriate as to Counts I-V and XII.

### B. Count VI

In Count VI of his complaint, plaintiff claims promissory estoppel, based on promises made to him by defendants related to the litigation they planned to initiate against Chaudhry. The existence of a promise is a necessary element of a claim for promissory estoppel. *Hinkel v. Sataria Distr. & Packaging, Inc.*, 920 N.E.2d 766, 771 (Ind. Ct. App. 2010).

Defendants have successfully pointed out plaintiff's lack of evidence on the existence of promises made to plaintiff for purposes of their summary judgment motion. The only evidence in the record relevant to the existence of promises made or not made are the affidavits of Iftikhar and Anjum, in which they state that they never made promises to plaintiff regarding the litigation. Plaintiff has provided no evidence

5

to create an issue of fact as to the existence or non-existence of such alleged promises, so summary judgment is appropriate as to Count VI.

C.  **Count VII**

In Count VII of his complaint, plaintiff sues under the theory of quantum meruit claiming that he conferred benefits onto defendants in connection with the partnership. A party may recover under the theory of unjust enrichment, or quantum meruit, whether or not a contract exists. *Troutwine Estates Dev. Co., LLC, v. Comsub Design & Eng'g, Inc.,* 854 N.E.2d 890, 897 (Ind. Ct. App. 2006). Under this theory, a party may be permitted to recover the value of services rendered just as if there had been a true contract. *Id.* For recovery under quantum meruit, it must be demonstrated that a benefit was rendered to another party at the express or implied request of that party, that allowing the defendant to retain the benefit without paying for it would be unjust, and that the plaintiff expected payment. *Id.*

Defendants have successfully pointed out plaintiff's lack of evidence on the existence of benefits conferred by plaintiff onto defendants, and plaintiff has provided no evidence to create an issue of fact as to this issue. With no evidence of benefits conferred, the court cannot permit plaintiff to recover the value of services rendered. Accordingly, summary judgment is appropriate as to Count VII.

D.  **Counts X & XI**

In Counts X and XI of his complaint, plaintiff claims that defendants committed fraud and constructive fraud by essentially representing to plaintiff that they would proceed with litigation against Chaudhry together, splitting the profits and expenses

6

and forming a new company to pursue a hotel development business together, and that defendants would repay plaintiff the money he loaned them.

A claim of fraud may not be premised on future conduct, broken promises, or statements of existing intent which are not executed. *Wallem v. CLS Industs., Inc.,* 725 N.E.2d 880, 889 (Ind. Ct. App. 2000) (employer's statements to employee regarding future bonuses insufficient to support fraud claim). The same is true of a claim for constructive fraud. *Fiederlein v. Boutselis,* 952 N.E.2d 847, 860 (Ind. Ct. App. 2011). Defendants' allegedly fraudulent conduct all consists of future conduct. Accordingly, plaintiff's fraud and constructive fraud claims fail as a matter of law and summary judgment as to Counts X and XI is appropriate.

### E.     Count XIII

In Count XIII of his complaint, plaintiff alleges deception under the Indiana Crime Victim's Relief Act, IND. CODE § 34–24–3–1 *et seq.*, claiming that defendants made false or misleading written statements to plaintiff with the intent of obtaining plaintiff's property.

Defendants have successfully "pointed out" plaintiff's lack of evidence on the existence of false or misleading written statements. To the extent plaintiff refers to the alleged partnership agreement, Anjum swears in his affidavit that his signature on the document is forged and plaintiff has provided no evidence to create a genuine issue of material fact as to the legitimacy of the signature. In sum, there is no genuine issue of material fact as to the existence of false or misleading written statements, and summary judgment is appropriate as to Count XIII.

### F. Count XIV

In Count XIV of his complaint, plaintiff alleges that defendants engaged in a civil conspiracy against him. Under Indiana law, a civil conspiracy is a combination of two or more persons who engage in a concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means. *KMK v. AK,* 908 N.E.2d 658, 663-64 (Ind. Ct. App. 2009).

Defendants have successfully pointed out plaintiff's lack of evidence that defendants acted with an unlawful purpose or accomplished some lawful purpose by unlawful means. Plaintiff has provided no evidence to create a genuine issue of material of fact as to this issue. Accordingly, summary judgment is appropriate as to Count XIV.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for partial summary is **GRANTED.** (DE # 37.) What remains in this case are plaintiff's claims for "money lent" and "money paid" (Counts VIII and IX), and defendants' counter-claims for declaratory judgment, breach of fiduciary duty, fraud, and forgery (Counts I through IV).

Discovery has closed in this case; accordingly, any further dispositive motions must be filed by February 4, 2013. If no such motions are filed, this case will be set for trial.

**SO ORDERED.**

Date: December 4, 2012

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT